**346** SECOND RUSSIAN INS. CO. *v.* FRANCO-AMERICAN C. CO., INC.

Supreme Court, May, 1925. [Vol. 125

SECOND RUSSIAN INSURANCE COMPANY, Plaintiff, *v.* FRANCO-AMERICAN CHEMICAL COMPANY, INC., and Others, Defendants.

Supreme Court, New York Special Term, May 2, 1925.

Insurance — subrogation — action to foreclose lien against portion of proceeds received in action for damages to defendants' cargo — plaintiff insurance company paid defendants, as insured, under marine policy of insurance, $4,000 in settlement of claim and received loan receipt for said amount — said settlement repayable in event insured recovered in action — plaintiff entitled to lien — absence of reference in minutes of corporation not binding on plaintiff — plaintiff's lien under loan receipt prior to defendants' claim.

Plaintiff, in an action to foreclose a lien against a portion of the proceeds received in an action for damages to defendants' cargo, is entitled to said lien, where it appears that the plaintiff, a marine insurance company, paid the defendants $4,000 in settlement of a claim under a policy of marine insurance and received, on said payment, a loan receipt for said amount, reciting that said amount was to be repayable in the event of a recovery from the parties responsible for the damages done to defendants' cargo; said loan receipt, while not primarily evidence of an unconditional loan, was intended to give the plaintiff insurer additional protection in its right of subrogation against those liable for the loss suffered.

The fact that the minutes of the defendant corporation did not contain any reference to a meeting of directors authorizing the execution of the loan receipt is immaterial and not binding on the plaintiff, for the reason that plaintiff cannot be made chargeable with the notice of any minutes or by-laws not contained in the certificate of incorporation.

Moreover, plaintiff's lien under the loan receipt is superior to the claim of defendants' assignor, since it precedes in point of time the execution and delivery of the latter.

ACTION to foreclose a lien against a fund in the possession of a law firm because of a loan receipt given to the plaintiff.

*Harison & Hewitt* [*William Harison* of counsel], for the plaintiff.

*Saul Gordon,* for the defendant Franco-American Chemical Company, Inc.

*F. A. Bull,* for the defendants Burlingham and others.

*Mayer, Ehrich & Block* [*Goodman Block* in person, of counsel], for the defendant Block.

LEVY, J.:

Plaintiff in this action, a marine insurance company, claims to be entitled to the sum of $4,000 in the hands of Burlingham, Veeder, Masten & Fearey, a law firm, the members of which are codefendants in this action, with their client Franco-American Chemical

Company, Inc.   The other defendant, Goodman Block, lays claim
to the fund by virtue of an assignment of it from the chemical
company.   The plaintiff is seeking to foreclose a lien against this
fund because of a loan receipt for $4,000 given it by the chemical
company, under the following circumstances: A certain cargo of
pumice stone belonging to the latter suffered damage by reason of
the fact that the steamer carrying it collided with another steamer.
The cargo was insured by plaintiff for $10,000 under a valued policy
of marine insurance.   After an exchange of correspondence, in
which the amount of damage was contested, plaintiff agreed to pay
the sum of $4,000 in full settlement of the claim, with the proviso,
however, that if the chemical company recovered from the carriers
or the parties whose negligence caused the damage, it would repay
to the plaintiff the said sum to the extent of four hundred eight-
hundred-and-seventieths of the total net recovery, the insured agree-
ing to conduct the litigation for such recovery for joint account, the
expenses to be deducted from the amount thus recovered.   The
loan receipt was prepared by the attorneys for the insured, and was
executed by the corporation through its secretary, who was also
its general manager, and the usual corporate acknowledgment
attached to it.   The insured prosecuted its claim against the
negligent parties through another firm of attorneys, who are as
aforestated the codefendants in this action, and recovered the net
sum, after deducting legal expenses, of $15,000, of which a sum of
over $4,000 is still in the hands of the said attorneys, defendants.
Notice of plaintiff's claim came to their attention late in 1923, but
previous thereto they had received from defendant Block a notice
of an assignment to him by the Franco-American Chemical Com-
pany, Inc., of its rights to the aforesaid fund as collateral for a debt.
Defendant Block did not know of plaintiff's claim at the time of
the assignment to him, although it is admitted that plaintiff's
alleged lien was prior to Block's.   The latter is the chief contestant
of plaintiff's demands, while the attorneys, defendants, are the mere
stakeholders who have the funds  against which plaintiff claims
this lien, deposited with a trust company, and which they are
perfectly willing to pay over to the party determined to be entitled
thereto.

A consideration of all the evidence and exhibits in the case shows
that plaintiff is clearly entitled to judgment.   The loan receipt
given to the plaintiff by the defendant Franco-American Chemical
Company, Inc., while not primarily evidence of an unconditional
loan, was intended to give the insurer additional protection in its
right of subrogation against those who might prove to be liable.
The promise to repay the so-called loan did not deprive the chemical

company of any fruits of a settlement with the insurer, because the money advanced was to be repayable only in the event of a recovery from the negligent parties; and if the settlement had been absolute in form, any action against the carriers instituted by the insured would have been for the benefit of the insurer to the extent of the moneys paid out by the latter in the settlement of the claim. There was nothing ambiguous about the wording of the loan receipt, and its language, chosen by the insured's own attorneys, requires no legal construction beyond the plain words of the instrument itself. The attack upon the validity of the loan agreement on the ground that it is not the authorized act of the corporation is futile. It was signed for the corporation by its secretary and general manager, who was practically in sole control of its affairs, and the corporate acknowledgment was attached to the instrument in form prescribed for those to be recorded, and it was forwarded by the attorneys for the chemical company, who represented the latter in the insurance adjustment. The absence of any reference, in the minutes, to any meeting of directors to authorize the signing of the loan receipt is immaterial. The plaintiff was not chargeable with notice of any minutes or by-laws not contained in the certificate of incorporation. Finally, the plaintiff's lien under the loan receipt is superior to defendant Block's claim by the assignment, because it preceded in point of time the execution and delivery of the latter.

As was said in *Central Trust Co.* v. *West India Imp. Co.* (169 N. Y. 314, 323, 324): " * * * a *bona fide* purchaser for value of a chose in action takes it subject not only to the equities between the parties, but also to latent equities in favor of third persons, * * *."

The plaintiff is, therefore, entitled to the relief sought. Submit findings and judgment on notice.